Granovsky & Sundaresh PLLC
Alexander Granovsky (AG-6962)
48 Wall Street / New York, NY 10005
delson@g-s-law.com / ag@g-s-law.com
(646) 524-6001
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAYNER HACKSHAW,<br>on behalf of herself and all other persons<br>similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>JUSTWORKS INC.,<br><br>    *Defendant*. | CASE NO.:<br><br>**COLLECTIVE AND CLASS<br>ACTION COMPLAINT WITH<br>JURY DEMAND** |

      Plaintiff Dayner Hackshaw, on behalf of herself and all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, through her attorneys, Granovsky & Sundaresh PLLC, brings this action and alleges as follows:

### NATURE OF ACTION

1.      This is a Fair Labor Standards Act ("FLSA") collective action and a New York Labor Law ("NYLL") Rule 23 class action to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated employees based on Justworks Inc.'s ("Justworks" or "Defendant") misclassification and refusal to pay overtime at the rate of time and one half times the regular rate to Plaintiff and all other similarly situated employees for hours worked beyond

forty (40) in a given workweek.  In fact, Plaintiff and all other similarly situated employees were not paid at all for hours worked beyond forty (40) in a given workweek.

2.      Defendant Justworks, a Delaware corporation headquartered at 55 Water Street, New York, New York 10041, employs approximately 1360 people to provide a "cloud-based software platform that gives small and medium-sized businesses access to benefits, payroll, human resources, and compliance support – all in one place."[1]

3.       Justworks employs approximately 1360 people, upon information and belief, a majority of whom are non-exempt and eligible for overtime compensation but are nonetheless not paid overtime for working more than 40 hours per week.

4.      In or about February 2018, Ms. Hackshaw began working for Defendant as a Sales Representative.  In October 2018, Ms. Hackshaw moved to Defendant's Payroll Operations department as a Coordinator.

5.      As a Coordinator in Payroll Operations from October 2018 to December 2019, Ms. Hackshaw was paid hourly, and was instructed by Defendant to report no more than 40 hours of work each week regardless of how many hours she actually worked.

6.      In or about December 2019, Ms. Hackshaw was promoted to Payroll Operations Analyst in Defendant's Payroll Tax Unit ("PTU").  As an Analyst in the PTU, Ms. Hackshaw was paid an annual salary of $60,500 and classified as exempt and not eligible for overtime.

7.      As detailed *infra*, Ms. Hackshaw's Analyst duties were consistent with those of a non-exempt employee.  In her capacity as an Analyst Ms. Hackshaw regularly worked more than 40 hours per week but was never paid overtime.

---

[1] Justworks, Inc., SEC Registration Statement No. 333-261676 on Form S-1 filed 12/16/2021, Pg. 1. https://www.sec.gov/Archives/edgar/data/1623414/000162828021025176/justworkss-1.htm

8.     On or about August 14, 2022, Defendant reclassified many of the employees in Ms. Hackshaw's department previously classified as exempt and not eligible for overtime, including all Analysts, as non-exempt and therefore eligible for overtime compensation.

9.     Ms. Hackshaw's job duties as Analyst did not change subsequent to her reclassification as non-exempt on August 14, 2022.

10.     Notably, although Defendant reclassified all Analysts, it did not pay any current or former Analysts any backpay for unpaid wages prior to the reclassification.

11.     Through this lawsuit, Plaintiff Dayner Hackshaw, on behalf of herself and on behalf of all other similarly situated employees and former employees who work or worked as Payroll Analysts for Justworks, brings this lawsuit as a proposed collective action seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 *et. seq.*, and alleges that she and all others who opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b), are entitled to recover: (i) unpaid overtime wages for overtime work for which they did not receive compensation; (ii) liquidated damages; and (iii) attorneys' fees and costs.

12.     Plaintiff Dayner Hackshaw, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), also brings this action as a proposed class action on behalf of herself and on behalf of all other similarly situated employees and former employees who work or worked as Payroll Analysts for Justworks, for damages under the New York Labor Law, Art. 6, §§ 190 *et. seq.*, and Art. 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"), for Defendant's failure to pay overtime and spread of hours wages.

13.     What Plaintiff Dayner Hackshaw experienced as a Payroll Analyst for Justworks was substantially the same as what other similarly situated, non-exempt employees experienced at Justworks.

## JURISDICTIONAND VENUE

14.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331, 1367, and 2201.

15.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.     This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims herein occurred in this District and Defendant's principal place of business is located in this District.

18.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiff

19.     Plaintiff Dayner Hackshaw ("Hackshaw") is an individual residing in Jersey City, New Jersey. Plaintiff was, throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the FLSA and NYLL.  As such, Plaintiff was, and is, entitled to be paid in full for all hours worked including compensation of time and one half for hours worked in excess of 40 hours per workweek.

20.    At all relevant times, the work performed by Hackshaw and similarly situated employees was to the benefit of the business operated by Defendant, and Hackshaw and similarly situated employees were and are covered employees of Defendant within the meaning of the FLSA and NYLL.

21.    At all relevant times, Hackshaw and similarly situated employees worked in interstate commerce as to fall within the protections of the FLSA.

22.    A written consent form for Hackshaw is attached hereto as **Exhibit A**.

23.    The named Plaintiff represents a class of all non-exempt representatives employed in the position of Analyst in the PTU at Justworks, from six years previous to the filing of this Complaint to the entry of judgment in this case who were not paid time and one half for hours over 40 worked in one or more weeks.

24.    The term "Plaintiffs" as used in this complaint refers to the named Plaintiff, any additional represented parties pursuant to the collective action provision of 39 U.S.C. §261(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

## Represented Parties under the FLSA

25.    The named Plaintiff brings this case as a collective action, on behalf of herself and for all similarly situated persons who previously or currently work for Justworks in the position of Analyst in the PTU in New York City from three years prior to the filing of this Complaint to the entry of judgment in this case (the "FSLA Collective Action Period"), and who were non-exempt employees within the meaning of the FLSA and were not paid overtime for hours worked in excess of forty hours per workweek, who elect to opt-in to this action (the "FLSA Collective").

26.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

27.     Defendant has consistent policies and patterns or practices, of failing to pay Plaintiff and the FLSA Collective the proper overtime compensation of 1.5 times their regular rates of pay for all hours worked in excess of 40 per workweek.

28.     All the work Plaintiff and the FLSA Collective performed was assigned by Defendant, and Defendant is and was aware of all the work Plaintiff and the FLSA Collective performed.

29.     As part of their regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

30.     Defendant has a pattern, practice, and/or policy of failing to keep accurate records of the hours worked by its employees.

31.     Defendant willfully and repeatedly failed to pay its employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 per workweek.

### **Represented Parties under New York Labor Law**

32.     The named Plaintiff brings this case as a Rule 23 Class Action, on behalf of herself and a class of persons who previously or currently work for Justworks in the position of Analyst for Justworks' PTU in New York City from six years previous to the filing of this Complaint to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the FLSA, and/or who were not paid overtime for hours worked in excess of forty hours per workweek  (the "New York Class").

33.     The members of the proposed New York Class should be readily ascertainable from the Defendant's records.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the Parties and the Court.

34.     Upon information and belief, the New York Class is composed of more than one hundred individuals.

35.     There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime pay, whether the Defendant's common practices and policies led to Defendant's willful misclassification of Plaintiffs as exempt and ineligible for overtime, whether Defendant knew or should have known that Plaintiffs were misclassified as exempt, whether the Defendant knew or should have known that Plaintiffs worked more than 40 hours in one or more weeks without receiving overtime compensation, whether the Defendant knew or should have known that Plaintiffs regularly worked more than 10 hours per day without receiving spread of hours pay and whether Defendant provided Plaintiffs with accurate wage statements.

36.     The claims of the named Plaintiff are typical of the claims of the class.

37.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no adverse interests to the New York Class.

38.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs and classes in wage and hour litigation.

39.     Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

**Defendant**

40.    Justworks Inc. is a Delaware corporation with headquarters located at 55 Water Street, New York, New York 10041.

41.    Justworks provides an online, cloud-based platform to support their customers' payroll and human resource functions.  Among its services, Justworks provides its clients with expert payroll support for compliance with local, state, and federal laws.

42.    Justworks was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

43.    Justworks has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices.

44.    Justworks applied the same employment policies, practices, and procedures to all non-exempt employees in its operation, including policies, practices, and procedures with respect to the payment of wages and overtime.

45.    Upon information and belief, at all relevant times herein, Justworks has had annual gross volume of sales in excess of $500,000.

## STATEMENT OF FACTS

46.    Ms. Hackshaw was employed by Defendant in New York City.

47.    In or about December 2019, Ms. Hackshaw began working for Defendant as an Analyst in the PTU.

48.    Ms. Hackshaw's duties as an Analyst were consistent with those of a non-exempt employee and included:

   a.   Execute day to day operations for Justworks' payroll system;
   b.   Identify and resolve payroll discrepancies;
   c.   Work with the Payroll Tax team to ensure accuracy of adjustments;
   d.   Respond to questions and requests from various Justworks teams;

    e.   Assist with maintaining the internal resource center regarding Payments Operations' policies and procedures;

    f.   Assist with developing workflows and processing changes;

    g.   Support various teams as a subject matter expert on Justworks payroll;

    h.   Develop and review standard operating documents for stakeholders; and

    i.   Perform other related duties as assigned.

49.    Ms. Hackshaw regularly worked more than 40 hours per week performing her duties as an Analyst.

50.    Ms. Hackshaw and similarly situated employees regularly worked hours above forty (40) each week but received no overtime compensation from October 2018 until August 14, 2022. More specifically, during her less busy "off season" from April 16-October 14 each year, Ms. Hackshaw worked five (5) hours above forty (40) each week; during the "auditing season" from October 15-December 14 each year, she worked ten (10) hours above forty (40) each week; and during the "tax season" each year from December 15 to April 15, she worked twenty (20) hours above forty (40) each week.

51.    Prior to August 14, 2022, Justworks never paid Ms. Hackshaw any overtime compensation when she worked more than 40 hours in a workweek.

52.    During the busy tax season, Ms. Hackshaw regularly worked more than 10 hours per day.

53.    Prior to August 14, 2022, Justworks never paid Ms. Hackshaw any spread of hours compensation when she worked more than 10 hours per day.

54.    Justworks did not track the actual hours worked by Ms. Hackshaw or similarly situated employees.

55.    Justworks did not keep accurate records for the hours worked by Ms. Hackshaw or similarly situated employees.

56.    Justworks did not provide Ms. Hackshaw and similarly situated employees with an accurate wage statement that included: dates of work covered by that payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

57.     In her duties as Analyst, Ms. Hackshaw's duties were consistent with those of a non-exempt employee, eligible for overtime compensation under the FLSA and NYLL.

58.     In her duties as Analyst, Ms. Hackshaw did not manage the enterprise, a department, or subdivision.

59.     In her duties as Analyst, Ms. Hackshaw did not customarily and regularly direct the work of two or more other full-time employees or their equivalent.

60.     In her duties as Analyst, Ms. Hackshaw did not have the authority to hire or fire other employees, or to make suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees.

61.     In her duties as Analyst, Ms. Hackshaw did not exercise discretion and independent judgment with respect to matters of significance.

62.     In her duties as Analyst, Ms. Hackshaw's primary duties did not require advanced knowledge, defined as work which is predominantly intellectual in character and which included work requiring the consistent exercise of discretion and judgment.

63.     In her duties as Analyst, Ms. Hackshaw was not required to have advanced knowledge in a field of science or learning.

64.     In her duties as Analyst, Ms. Hackshaw was not required to have advanced knowledge acquired by a prolonged course of specialized intellectual instruction.

65.     As an Analyst, Ms. Hackshaw did not perform work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

66.     In her duties as Analyst, Ms. Hackshaw was not employed as a computer systems analyst, computer programmer, software engineer or other similarly skilled worker in the computer field.

67.     As an Analyst, Ms. Hackshaw's duties did not include any individual or combination of the following: (i) the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications, (2) the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, or (3) the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

68.     As an Analyst, Ms. Hackshaw's primary duties did not include making sales or obtaining orders or contracts for services and Ms. Hackshaw was not regularly engaged away from Justworks' place of business.

69.     As an Analyst, Ms. Hackshaw was never paid an annual salary of $107,432 or more.

70.     On or about August 14, 2022, Defendant reclassified many previously exempt employees in Ms. Hackshaw's department as non-exempt and eligible for overtime compensation on a going forward basis only starting August 14, 2022.

71.     On or about August 14, 2022, Defendant reclassified Ms. Hackshaw's previously exempt Analyst position, which she held from December 2019 to April 4, 2023, as non-exempt and eligible for overtime compensation on a going forward basis only starting August 14, 2022.

72.     Defendant acknowledged that Ms. Hackshaw's position as an Analyst had been previously misclassified as exempt but refused to retroactively compensate Ms. Hackshaw for unpaid overtime for the period of December 2019 through August 14, 2022, the period during

which Ms. Hackshaw worked as an Analyst and was misclassified as exempt and not eligible for overtime compensation.

73.     Defendant did not change Ms. Hackshaw's job duties on or after the August 14, 2022 reclassification.   Ms. Hackshaw's duties as an exempt Analyst were exactly the same as her duties as a non-exempt Analyst.

## COUNT I
## Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

74.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75.     The overtime wage provisions set forth in the FLSA, 29, U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

76.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

77.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were and are entitled under the FLSA – at the rate of 1.5 times their regular rate of pay – for all hours worked in excess of 40 per workweek.

78.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**COUNT II**
**NYLL – Overtime Wages**
**(On behalf of Plaintiff and the NY Class)**

79.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80.     The overtime wage provisions of NYLL Article 19 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

81.     Defendant failed to pay Plaintiff and the New York Class overtime wages to which they were entitled under the NYLL and the supporting NY State Department of Labor Regulations – at the rate of 1.5 times their regular rate of pay – for all hours worked in excess of 40 per workweek.

82.     Due to Defendant's violation of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**COUNT III**
**NYLL – Spread of Hours Pay**
**(On behalf of Plaintiff and the NY Class)**

83.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

84.     Defendant failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of Plaintiff's and the New York Class's respective shifts, including meals and breaks, exceeded 10 hours.

13

85.     Due to Defendant's violation of NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

<div align="center">

**COUNT IV**
**NYLL – Failure to Provide Accurate Wage Statements**
**(On behalf of Plaintiff and the NY Class)**

</div>

86.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87.     Defendant failed to provide Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL § 195(3) that lists: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

88.     Defendant's failure to provide accurate wage statements damaged Plaintiff and the New York Class by concealing the value of Plaintiffs' lost wages and time as a result of uncounted and unpaid overtime information.

89.     Due to Defendant's violation of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL § 198.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually, and on behalf of all other similar persons, respectfully requests that this Court grant the following relief:

a.  A declaration that the Defendant violated the FLSA and NYLL;

b.  A declaration that Defendant's violations of overtime protections in the FLSA and NYLL were willful;

c.  Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

d.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

e.  Designation of Plaintiff as representative of the Rule 23 NY Class and counsel of record as Class Counsel;

f.  Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

g.  Unpaid spread of hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

h.  Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL § 198;

i.  Pre-judgment and post-judgment interest;

j.  Reasonable attorneys' fees and costs of this action; and

k.  Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff Dayner Hackshaw demands a trial by jury on all issues so triable.


Dated:  New York, New York
         March 18, 2024

<div style="margin-left: 40%;">

Respectfully Submitted,
GRANOVSKY & SUNDARESH PLLC

/s/ Alexander Granovsky
Alexander Granovsky (AG-6962)
48 Wall Street / New York, NY 10005
ag@g-s-law.com
delson@g-s-law.com
(646) 524-6001
*Attorneys for Plaintiff Dayner Hackshaw*

</div>

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DAYNER HACKSHAW,
on behalf of herself and all other persons
similarly situated,

      *Plaintiffs*,

  v.

JUSTWORKS INC.,

      *Defendant.*

CASE NO.:

**CONSENT TO BE PARTY PLAINTIFF**

DAYNER HACKSHAW states:

1. I am the plaintiff in the above-captioned action. My address is 198 Van Vorst St., Apt. 420, Jersey City, New Jersey 07302.

2. Pursuant to 29 USC §216(b), this action asserts claims under the Fair Labor Standards Act ("FLSA"), 29 USC §201 et seq. on behalf of myself and all other employees similarly situated. Pursuant to 29 USC §§201(b) and 256, I consent to being a party plaintiff in this action and to the filing and prosecution of the above referenced FLSA claims on my behalf and on behalf of all other employees similarly situated.

Dated: March  04 , 2024
       Jersey City, New Jersey

*Dayner Hackshaw*
Dayner Hackshaw

17